J-S16009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE WINSTON | : | |
| | : | |
| Appellant | : | No. 1938 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 7, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007413-2017

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                               **FILED MAY 5, 2020**

Appellant George Winston appeals from the June 7, 2019 Judgment of Sentence entered in the Court of Common Pleas of Montgomery County following his non-jury conviction on four offenses, including Criminal Conspiracy to engage in Possession with Intent to Deliver a Controlled Substance (PWID). Appellant challenges the sufficiency of the evidence to support this conspiracy conviction. After careful review, we affirm.

We derive the following statement of facts from the trial court's Rule 1925(a) Opinion and the certified record. On October 19, 2017, Upper Merion Township Police detectives responded to a call from Valley Forge Hotel and Casino security, reporting apparent drug paraphernalia found in Room 2201, which was registered to Appellant. Hotel security let the detectives into the room, where the detectives observed various items of drug paraphernalia,

including a digital scale with a white, powdery substance on it, and suspected illicit drugs in an open drawer.

The detectives thereafter searched the room pursuant to a warrant and found, in addition to the digital scale, a knotted sandwich bag with white powder in it, a sandwich bag with smaller clear zip-top bags containing suspected crack cocaine, a sandwich bag containing white powder and a white spoon, a plastic zip-top bag with smaller unused zip-top bags in it, sixty dollars, two folded lottery cards, and two Pennsylvania driver's licenses. One of the licenses belonged to Appellant's then-girlfriend Shonda Gelormo.

Appellant then arrived at the hotel, and detectives took him into custody. Detectives searched Appellant and found a clear bag containing several smaller zip-top bags, sixty dollars, and a cell phone. Detectives arrested Ms. Gelormo later that day.

The Commonwealth charged Appellant with PWID, Criminal Conspiracy to engage in PWID, Unlawful Possession of a Controlled Substance, Criminal Conspiracy to engage in Unlawful Possession of a Controlled Substance, Possession of Drug Paraphernalia, and Criminal Conspiracy to engage in Possession of Drug Paraphernalia.[1]

At trial on March 12, 2019, the parties stipulated that the white powder found in Room 2201 was cocaine with a total weight of 20.21 grams, and that

---

[1] The Commonwealth joined its case against Ms. Gelormo with Appellant's case on December 5, 2017, pursuant to Pa. R.C.P. 582. Ms. Gelormo pled guilty to Conspiracy to engage in PWID prior to trial.

it was for sale/delivery, and not solely for personal use. Ms. Gelormo testified that she and Appellant were in a romantic relationship at the time of the incident, and had been staying together in Room 2201 for two days prior to their arrest. She further testified that the scale found in Room 2201 belonged to her, the white residue on it was cocaine, the cocaine belonged to Appellant, and that Appellant possessed the cocaine with intent to distribute. She also testified that she observed Appellant scoop cocaine onto the scale, and then into small zip-top bags to be sold.

The court found Appellant guilty of Criminal Conspiracy to engage in PWID, Criminal Conspiracy to engage in Unlawful Possession of a Controlled Substance, Criminal Conspiracy to engage in Possession of Drug Paraphernalia, and Possession of Drug Paraphernalia,[2] and sentenced him to an aggregate term of twenty-five to fifty months of imprisonment, followed by five years of probation. The court found Appellant not guilty of PWID and Unlawful Possession of a Controlled Substance.[3] Appellant timely filed this appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the evidence was insufficient to establish the existence of a conspiratorial relationship between Appellant and another person as is necessary to support Appellant's conviction of conspiracy to engage in possession with the intent to deliver cocaine/crack cocaine?

---

[2] 18 Pa.C.S. § 903 and 35 P.S. § 780-113(a)(32), respectively.

[3] 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

Appellant's Br. at 4.

"A claim challenging the sufficiency of the evidence is a question of law."

***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "Our standard

of review is *de novo,* and our scope of review is plenary." ***Commonwealth***

***v. Mikitiuk***, 213 A.3d 290, 300 (Pa. Super. 2019) (citation omitted). In

conducting our inquiry, we examine:

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Reed***, 216 A.3d 1114, 1119 (Pa. Super. 2019) (citation

omitted).

"To sustain a conviction for criminal conspiracy, the Commonwealth

must establish that the defendant (1) entered an agreement to commit or aid

in an unlawful act with another person or persons, (2) with a shared criminal

intent, and (3) an overt act was done in furtherance of the conspiracy."

*Commonwealth v. Rios*, 684 A.2d 1025, 1030 (Pa. 1996), *see also* 18 Pa.C.S. § 903.

In his brief, Appellant challenges only the first of these three elements, averring that because there is no direct evidence of a link between him, Ms. Gelormo, or anyone else, and the sale of the drugs, there is no evidence of an agreement to support the conspiracy conviction.  Appellant's Br. at 8, 12.

Direct evidence of a conspiratorial agreement is rarely available. Therefore, such an agreement may be established by circumstantial evidence, such as the relationship between the parties, the conduct or circumstances of the parties, or overt acts by the co-conspirators. *Commonwealth v. Murphy*, 844 A.2d 1228, 1238 (Pa. Super. 2004). "Mere association with the perpetrators, mere presence at the scene, or mere knowledge of the crime is insufficient." *Id.* (citation omitted). Nevertheless, these circumstances are relevant, and their presence "may furnish a web of evidence linking an accused to an alleged conspiracy beyond a reasonable doubt when viewed in conjunction with each other and in the context in which they occurred." *Commonwealth v. Swerdlow*, 636 A.2d 1173, 1177 (Pa. Super. 1994) (citation omitted).

In the instant case, the Commonwealth's evidence showed that Appellant and Ms. Gelormo were in a romantic relationship at the time of the incident and that they had been staying together in Room 2201, the scene of the crime, for two days when they were arrested. Ms. Gelormo testified, and the parties stipulated, that the drugs found in the room were for distribution.

Finally, Ms. Gelormo testified that she provided the digital scale to Appellant, and she witnessed him use it to measure cocaine to be distributed.

Appellant's brief focuses on a lack of direct evidence to establish a conspiratorial relationship. We reiterate that the Commonwealth may sustain its burden by means of wholly circumstantial evidence, and such evidence need not preclude every possibility of innocence. **Reed, *supra*** at 1119.

Moreover, Appellant asks this Court to consider evidence that was not introduced at trial, rather than the evidence that was presented.[4] This does not comport with our standard of review. Rather, our review is based on "all the evidence admitted at trial," not potential evidence that was not admitted. ***Id.***

In essence, Appellant would like this Court to reweigh the admitted evidence to find in his favor. It is well-settled that the Superior Court may not reweigh the evidence and substitute our judgment for that of the finder of fact. ***Id.***

Viewing the facts in the light most favorable to the Commonwealth as verdict winner, we conclude that the admitted evidence was sufficient for the trial court to find that Appellant and Ms. Golermo conspired to commit PWID. Appellant is, therefore, not entitled to relief on this claim.

---

[4] For example, Appellant notes security footage showed only him entering and exiting the hotel room and relies on the absence of security footage showing Appellant and Ms. Gelormo together to support his argument. Appellant's Br. at 12.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>05/05/2020</u>